UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61561-CIV-COHN

FRANCESCO FRANCO ZAMBUTO,
DOMENICO F. ZAMBUTO and
ANGELINA ZAMBUTO

    Plaintiffs,

vs.

THE COUNTY OF BROWARD, BROWARD
COUNTY SHERIFF'S OFFICE, et al,

    Defendants.
_____/

**ORDER DISMISSING COMPLAINT IN PART**
**ORDER DISMISSING ALL DEFENDANTS EXCEPT FEDERAL AGENCY DEFENDANTS**
**ORDER GRANTING MOTION TO PROCEED IFP**
**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**
**ORDER ALLOWING FOR ELECTRONIC RECEIPT IN CM/ECF**

THIS CAUSE is before the Court upon filing of the Complaint, Motion to Proceed In Forma Pauperis [DE 3], Motion to Certify as an Emergency Cause of Action [DE 4], Motion for Preliminary Injunction [DE 5], Motion for Class Certification [DE 6] and Motion for Court to Extend Time Frame for Petitioner to Respond [DE 7].  The Court has carefully considered the 149-page complaint and accompanying motions and is otherwise fully advised in the premises.

Plaintiff Francesco F. Zambuto ("Plaintiff"), a current resident of Italy, filed this action on September 30, 2008, seeking various forms of relief, including a review of his citizenship status, a challenge to his 2001 removal from the United States, and various civil rights claims based upon his treatment while incarcerated on state charges within Florida.  Although Plaintiff is not presently incarcerated, because he seeks *in forma*

*pauperis* status, the Court must review his complaint pursuant to 28 U.S.C. § 1915(e)(B).

## I.  BACKGROUND

As noted, Plaintiff's complaint is 149 pages long, containing multiple "Sections," "Articles," and "causes of action."  As the Plaintiff is proceeding pro se, the Court gives much wider latitude in interpreting the actual claims that a pro se plaintiff seeks to bring in a civil action.  In this case, the essential factual allegations span a period from 1987 through 2008.

Plaintiff was born in Italy in 1954, but came to this country with his parents in 1960.  Except for a period of about one year in 1970 when he attended school in Italy where his mother had temporarily returned to live, he lived continuously in the United States until 2001.  However, he never obtained United States citizenship, although his parents eventually did.  In 1985 he was arrested in Florida and convicted of a felony.  Plaintiff seeks damages for injuries incurred while he was incarcerated in Florida state prison in 1987.

In 1996, while again in custody, this time in the Broward County jail, he was allegedly the victim of excessive force, malicious prosecution, deliberate indifference to medical needs of an inmate, and cruel and unusual punishment.  He was convicted of battery against a law enforcement officer, charges he vigorously denies.  In 1997 or 1998, he complains that the Attorney General of the United States "enhanced" his proper conviction to aggravated assault, and removal proceedings were begun against him as a non-citizen.  Plaintiff alleges he did not learn of the enhancement until March of 2008, alleging a due process claim for this action.

Plaintiff appealed his removal to the Board of Immigration Appeals ("BIA") and the United States Court of Appeals for the Eleventh Circuit.  He alleged that his case was remanded to the BIA to consider whether the Child Citizenship Act of 2000 should be retroactively applied to confer citizenship upon Plaintiff.  However, he alleges that the federal government ignored this order and had him removed anyway in November of 2001.[1]  Plaintiff has lived in Italy since his removal, though he does not speak the language and suffers from physical disabilities for which he does not qualify for state benefits (disabilities he alleges are the result of his treatment in Florida prisons).

In January of 2008, Plaintiff obtained a European passport from the Italian government.  In March of 2008, while speaking to his co-Plaintiff, his 90-year-old mother Angelina Zambuto, a resident of the United States (Georgia), he discovered that she had just fallen and broken her hip.  She also suffered a heart attack shortly thereafter.  Plaintiff attempted to obtain an emergency visa and permission from the United States consulate in Palermo, Italy to visit his ailing mother in the United States, but because of his removal status, had to travel to Naples, Italy, to appear in person at the consulate there.  He alleges that the consulate staff treated him poorly and denied him a visa, alleging that he had to submit a waiver because of his prior conviction before removal.  Plaintiff further alleges that he resubmitted an application for citizenship at this visit, alleging that he

---

[1] The Court notes that Mr. Zambuto filed approximately 14 civil actions in the Southern District of Florida from 1988 through 2000.  He was eventually barred from bringing further §1983 actions because he had three or more prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.   See Case No. 00-1513-Civ-Middlebrooks, Report re Dismissal of Successive Complaint, DE 5.  However, this "3 strikes" provision does not apply to this action as Mr. Zambuto is not a "prisoner" as defined by 28 U.S.C. § 1915(h).

3

should have been granted citizenship under the Child Citizenship Act of 2000.

## II.  DISCUSSION

### A.  Plaintiff's Claims

Plaintiff's claims appear to seek relief in three general areas: 1) a review of his citizenship status; 2) a challenge to his 2001 removal from the United States; and 3) various civil rights claims based upon his treatment while incarcerated on state charges within Florida.

Turning first to the civil rights claims, it is not necessary to give a detailed description of Plaintiff's civil rights claims, whether they be against state, local, or federal officials.  Whether a Section 1983 claim against state or local officials or a Bivens action against federal officials, a four year statute of limitations.  Under the broadest possible interpretation most favorable to Plaintiff, such claims have a four-year statute of limitations.  Thus, all of the claims regarding his treatment up through September 30, 2004 are time-barred (there are no allegations from the time of his removal in November, 2001, until March of 2008).   All of those claims fail to state a claim pursuant to this Court's review under 28 U.S.C. § 1915(e)(B)(ii).  Thus, all of the state and local defendants are dismissed from this action.

Turning next to Plaintiff's belated attack on his November 2001 removal from the United States, this Court has no jurisdiction to consider a challenge to a removal proceeding based upon prior criminal convictions.  8 U.S.C. § 1252(a)(2)© and (a)(5). Exclusive jurisdiction resides with the United States Court of Appeals for "judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Thus, this Court must dismiss all of the

current claims seeking to review the order of removal.

However, Plaintiff may have a non-frivolous claim regarding his recent application for citizenship made during his visa application regarding the possibility that the Child Citizenship Act of 2000 could apply to his case. This claim does survive this review, though the Court emphasizes that this decision is without prejudice to the remaining Defendants moving to dismiss the action, if appropriate under the law. The remaining Defendants are the United States of America, the United States Attorney General's Office, Michael B. Mukasey, U.S. Attorney General, United States Department of State,[2] United States Department of Justice, the Department of Homeland Security ("DHS") (because it incorporates the Immigration and Custom Enforcement ("ICE"), the successor to the Immigration and Naturalization Service), and Michael Chertoff, Secretary of DHS.

### B.  Plaintiff's Motions

As to Plaintiffs' application to proceed *in forma pauperis* (without prepayment of fees), the Court will grant this motion based upon the completed affidavit. As for access to the electronic docketing system, the Court will grant this motion in part. Plaintiff's email address will be added to the system for him to receive electronic notification of all filings and court orders, but it is not the policy of the Southern District of Florida to allow pro se filers to upload their own entries and otherwise access the electronic docketing system. Plaintiff will need to make his filings by mail to the Clerk's office.

Next, as to Plaintiff's motions for preliminary injunctive relief, the Court denies the

---

[2]  The Department of State is the superior agency to the "United States Consulate Office" in Italy.

motion. In order to obtain a preliminary injunction, a plaintiff must establish the following four elements: (1) a substantial likelihood that the plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir.1994). Because a "preliminary injunction is an extraordinary and drastic remedy," it is "not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites." Id. (quoting Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir.1990)); see also McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998).

Plaintiff has not shown a substantial likelihood of success on his citizenship claim, and the Court will not summarily order him to be brought into the United States. There is no other method to deem this case an emergency, although given the aged status of Plaintiff's mother, the Court will try to expedite the case when possible and would urge the United States to respond promptly to service of process. The Court will defer ruling on Plaintiff's motion for class certification.

### III. CONCLUSION

As for service, because the only remaining defendants are federal government agencies or agency heads, and given Plaintiff's forced residence in Italy and his *in forma pauperis* status, the Court will depart from normal procedure (which requires a pro se Plaintiff to prepare the summonses) and direct that Clerk of Court to prepare summonses

6

for the United States Marshal's Service to serve upon the remaining federal defendants through the Attorney General of the United States and the United States Attorney for the Southern District of Florida. Copies should also be sent to the Secretary of the Department of Homeland Security and the Secretary of State.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Proceed In Forma Pauperis [DE 3] is hereby **GRANTED**;

2. Plaintiff's Motion to Certify as an Emergency Cause of Action [DE 4] is hereby **DENIED**;

3. Plaintiff's Motion for Preliminary Injunction [DE 5] is hereby **DENIED**;

4. Plaintiff's Motion for Court to Extend Time Frame for Petitioner to Respond [DE 7] is hereby **GRANTED** in part, in that Plaintiff will receive filings and orders by electronic mail, but **DENIED** as to Plaintiff being granted access to make filings via the Internet.

5. The Clerk shall issue summonses directed to the United States of America to the attention of the Attorney General in Washington, DC, the United States Attorney for the Southern District of Florida, the Secretary of the Department of Homeland Security and the Secretary of State.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of October, 2008.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:   Francesco F. Zambuto
via email to frank.pesco@yahoo.it