UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61561-CIV-COHN

FRANCESCO FRANCO ZAMBUTO,
DOMENICO F. ZAMBUTO and
ANGELINA ZAMBUTO,

    Plaintiffs,

vs.

THE COUNTY OF BROWARD, BROWARD
COUNTY SHERIFF'S OFFICE, et al,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTION, RECONSIDERATION, STAY, VIDEO CONFERENCE HEARING, ELECTRONIC ACCESS AND FOR ORDER TO SHOW CAUSE**
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**ORDER GRANTING PLAINTIFF'S MOTION FOR WAIVER OF PACER FEE**

THIS CAUSE is before the Court upon Plaintiff's Motion to Stay [DE 60], Plaintiff's Emergency Request for Injunction [DE 56], Plaintiff's Motions for Reconsideration and Clarification [DE 40/41/48], Plaintiff's Motion to Certify Class [DE 6], Plaintiff's Motion for Default Judgment [DE 46], the Government's Motion to Dismiss [DE 50], Plaintiff's Reply thereto [DE 52/55], Plaintiff's Motion for Hearing [DE 57], Plaintiff's Motion for Order to Show Cause [DE 48/58], Plaintiff's Motions for Extension of Time [DE's 28/51], and Plaintiff's Motions for Electronic Access to Court records [DE 44/59].[1]  The Court has carefully considered all of the Plaintiff's filings and is otherwise fully advised in the

---

[1] The Court refers to "Plaintiff" in the singular to refer to Plaintiff Francisco Zambuto.  Mr. Zambuto believes he is also representing his elderly mother Angelina Zambuto and his deceased father, Dominico Zambuto.  However, as a non-attorney, Mr. Zambuto cannot represent others in his family.

premises.

## I.  BACKGROUND

Plaintiff Francesco F. Zambuto ("Plaintiff"), a current resident of Italy, filed this action on September 30, 2008, seeking various forms of relief, including a review of his citizenship status, a challenge to his 2001 removal from the United States, and various civil rights claims based upon his treatment while incarcerated on state charges within Florida.  Although Plaintiff is not presently incarcerated, because he seeks *in forma pauperis* status, the Court reviewed his 149 page complaint pursuant to 28 U.S.C. § 1915(e)(B), and dismissed all but the federal agency defendants [DE 11].  The Court further clarified this ruling several months later [DE 26].

Plaintiff then moved for reconsideration of the dismissal of most of his claims and for the Court to grant him a 90 day non-immigrant visa to come to the United States to visit his dying mother.  The United States opposed the motion on the grounds that a district court lacks jurisdiction to review the Department of State's denial of his non-immigrant visa application, citing to DeCastro v. Fairman, 164 Fed.Appx. 930, 932, 2006 WL 229022 (11th Cir. January 31, 2006).  This Court denied Plaintiff's motion, relying upon DeCastro and Castellanos v. Pfizer, Inc., 555 F.Supp.2d 1343, 1348  (S.D.Fla. 2008).  See Order dated June 2, 2009 [DE 47].  The Court did state that:

> Although Plaintiff has clearly laid out a case for humanitarian relief with his request to visit his dying mother in the United States, this Court is without jurisdiction to review the denial of his visa application.

Plaintiff now moves for reconsideration of this ruling with motions for emergency injunctive relief, for a stay of consideration of the Defendants' motion to dismiss, and

other motions relating to reconsideration of the dismissal of the other claims.

## II. DISCUSSION

### A.  Request for Temporary Visa

At the heart of Plaintiff's motions for injunction and to stay is his request for the Court to reconsider its denial of his motion for a temporary visa.  Plaintiff argues that because the Court found he has a case for humanitarian relief the Defendants have violated his rights by denying him the ability to visit his dying mother.  However, the Court's statement that "Plaintiff has clearly laid out a case for humanitarian relief" does not create a statutory or constitutional right for Plaintiff.  This Court cannot act outside of its jurisdiction just to right what it perceives to be a wrong -- though the Court adds that it is not in possession of all information regarding Plaintiff's background and the reasons for the denial of a temporary visa.  Even if the Court was in possession of this information, the Court restates again that it lacks jurisdiction to issue such a visa or otherwise direct the executive branch authorities to allow a non-citizen to visit the United States of America.  The most the Court can do is direct the Assistant United States Attorney handling this case to forward this Order and the Court's June 2, 2009 Order to the appropriate government officials in the Department of State and Department of Homeland Security with the authority to grant a temporary visa and/or permission to enter this country with appropriate restrictions to allow Mr. Zambuto to visit his ailing mother in Georgia.

## B.  Claims for Citizenship

The Court sees no reason in delaying its consideration of the Defendants' Motion to Dismiss the claims related to Plaintiff's causes of action related to his claim for citizenship.  See Complaint, pp. 86-140.  To the extent Plaintiff seeks further clarification of the Court's prior orders, upon a review of these voluminous parts of the Complaint, all claims within these pages would be dismissed if Plaintiff's claim for citizenship fails.[2]

Turning to the merits of the Defendants' motion to dismiss and Plaintiff's response thereto, the Defendants argue that the Child Citizenship Act, which allowed automatic citizenship for children of naturalized citizens, is not effective retroactively.  Plaintiff's claim for his citizenship rests upon this retroactive application.  The various decisions of the United States Courts of Appeal, including the Eleventh Circuit Court of Appeals (covering Florida, Alabama and Georgia), make clear that the Child Citizenship Act that became law in February of 2001 was not retroactive in its application.  United States v. Arbelo, 288 F.3d 1262, 1263 (11th Cir. 2002), *cert den*., 537 U.S. 911; Gomez-Diaz v. Ashcroft, 324 F.3d 913, 916 (7th Cir. 2003); Drakes v. Ashcroft, 323 F.3d 189, 191 (2nd Cir. 2003).  Therefore, the Defendants' motion to dismiss all of Plaintiff's claims related to his citizenship being denied (contained at pages 86 through 140 of his Complaint) is granted.

---

[2] The Court also concludes that as to Plaintiffs' claims for consequential damages occurring decades after the denial of his mother's initial citizenship application, such claims are dismissible for lack of proximate causation.  A government official's decision to deny citizenship under the laws in effect at the time cannot be grounds for consequences occurring decades later.  In addition, any alleged mistreatment or lack of benefits from the Italian authorities after deportation cannot be legally attributed to the federal defendants in this case.

### C.  Remaining Motions

Turning next to Plaintiff's earlier motion for reconsideration of this Court's dismissal of his other non-citizenship related claims, the Court sees no reason to change its prior ruling that a challenge to his 2001 removal from the United States is outside this Court's jurisdiction and the various civil rights claims based upon his treatment while incarcerated on state charges within Florida are barred by the four-year statute of limitations for actions pursuant to 42 U.S.C. §1983.  The Court considers and rejects Plaintiff's argument that his civil rights claims were somehow legally or equitably tolled or dismissed without prejudice after his 2001 removal.  Even if such claims were somehow tolled during the pendency of those earlier civil actions, and even if dismissed without prejudice after his removal in 2001, the passage of more than four years before the filing of this action would also mean the claims are barred by the statute of limitations.  Just as Plaintiff brought this action in 2008 after the rejection of his attempt to enter the country to visit his mother, Plaintiff has failed to meet his burden to show that he could not have continued to litigate previously filed  civil rights claims from Italy.

Plaintiff has filed several other motions, some of which are now moot (ability to file electronically in this case and for discovery-related orders).[3]  With regard to the

---

[3]  The Court also acknowledges receipt of Mr. Zambuto's letter dated September 25, 2009 and marked "Sealed" and "Confidential," in which he respectfully inquires whether the undersigned was "a part of the Broward County 17th Judicial Circuit Court Staff during the years 1980 through 1993."  The undersigned was an attorney in private practice from 1978 through 1995, when he was appointed a Circuit Court Judge in and for the Seventeenth Judicial Circuit (Broward County).  The undersigned was not employed by any part of the Broward County court system during the period 1980 through 1993.

motion for class certification, because Plaintiff cannot maintain his claim under the Child Citizenship Act, he cannot serve as a class representative.  With regard to the motion for default judgment, this Court had granted the Defendants an extension of time to respond to the Complaint.  The motion to dismiss was therefore timely filed.

The remaining motion concerns Plaintiff's motion for this Court to waive the PACER service fee and allow him electronic access to research his prior cases.  A response to this motion was due by September 25, 2009, but Defendants did not file a response.[4]  As Plaintiff has shown by affidavit that he is indigent, and there is no opposition, the Court will grant this request.  However, given the dismissal of the other claims based upon lack of jurisdiction and passing of the statute of limitations, the Court concludes that its rulings in this Order and prior Orders would not have been affected if Plaintiff had received free PACER access prior to this date.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Stay [DE 60] is hereby **DENIED**;

2. Plaintiff's Emergency Request for Injunction [DE 56] is hereby **DENIED**;

3. Plaintiff's Motions for Reconsideration and Clarification [DE 40/41/48] are hereby

---

[4] Plaintiff is making his court filings by mail from Italy, as the Court did not grant Plaintiff's request to file documents in CM/ECF, though the Court did allow Plaintiff to receive filings via email.  Upon receipt by mail of Plaintiff's filings, the Clerk of Court uploads the documents into the CM/ECF system.  This motion was docketed on September 8, 2009 [DE 59] and counsel for Defendants received a Notice of Electronic Filing on that date.  The Court counts the time for a response from that date.

    **DENIED**;

4. Plaintiff's Motion to Certify Class [DE 6] is hereby **DENIED**;

5. Plaintiff's Motion for Default Judgment [DE 46] is hereby **DENIED**;

6. Plaintiff's Motion for Hearing [DE 57] and Plaintiff's Motions for Order to Show Cause [DE 48/58] are hereby **DENIED as moot**;

7. Plaintiff's Motions for Extension of Time [DE's 28/51] are hereby **GRANTED**, *nunc pro tunc*;

8. Plaintiff's Motion for Leave to File Electronically [DE 44] is hereby **DENIED**;

9. Plaintiff's Motion for PACER Waiver Exempt Fee Service [DE 59] is hereby **GRANTED**.  The Clerk of Court or Administrator of the PACER access system shall allow Francisco F. Zambuto to access PACER without payment of an account fee or transaction fees for a period of one year from when the account is opened;

10. The Defendants' Motion to Dismiss [DE 50] is hereby **GRANTED**;

11. The Complaint is this case is hereby **DISMISSED**, for failure to state a claim, for the reasons stated above;

12. The Clerk may close this case;

13. The Assistant United States Attorney assigned to this case shall forward a copy of this decision and the Court's June 2, 2009 Order to the appropriate government officials in the Department of State and Department of Homeland Security with the authority to grant a temporary visa and/or permission to enter

the United States to allow Mr. Zambuto to visit his ailing mother in Georgia.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of September, 2009.

JAMES I. COHN
United States District Judge

copies to:   Francesco F. Zambuto
via email to frank.pesco@yahoo.it

Stefanie Moon, AUSA