UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61561-CIV-COHN

FRANCESCO FRANCO ZAMBUTO,
DOMENICO F. ZAMBUTO and
ANGELINA ZAMBUTO

    Plaintiffs,

vs.

THE COUNTY OF BROWARD, BROWARD
COUNTY SHERIFF'S OFFICE, et al,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECUSAL

    THIS CAUSE is before the Court upon Plaintiff's Motion to Disqualify Trial Judge [DE 63].  The Court has carefully considered the motion and is otherwise fully advised in the premises.

    Plaintiff Francesco F. Zambuto ("Plaintiff") moves to recuse the undersigned based on his allegations that the undersigned knows other persons within the state court system who previously had roles in Plaintiff's state court proceedings.  The undersigned has no recollection of any personal involvement in any of Mr. Zambuto's state court criminal proceedings.  Mr. Zambuto has not stated any particular case in which the undersigned was allegedly an attorney or judge.  Simply because Mr. Zambuto may have had pending state court cases while the undersigned was either an assistant state attorney, public defender or Circuit Court Judge is insufficient for any

reasonable person to believe a federal judge should recuse.[1]

There are two different statutes that address recusal issues.  First, the "mandatory" recusal provision in 28 U.S.C. § 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."   The Eleventh Circuit has held that: "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists.  Properly pleaded facts in a § 144 affidavit must be considered as true." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (internal footnotes and citations omitted).    No reasonable person would be convinced that bias actually exists in this case.

Plaintiff also seeks recusal pursuant to 28 U.S.C. § 455.  "Section 455 requires that a judge disqualify himself 'in any proceeding in which his impartiality might reasonably be questioned' or '[w]here he has a personal bias or prejudice concerning a party.' 28 U.S.C. §§ 455(a) & (b)(1) (2000). Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Christo, 223 F.3d at 1333.  As stated above, the undersigned has no

---

[1] The Court notes that at the time of this Court's order dismissing Plaintiff's remaining claim, Plaintiff had only mentioned the years from 1980 through 1993 in questioning whether the undersigned was employed by the Broward County Circuit Court.  The undersigned was in private practice throughout that period.  Plaintiff now states that his inquiry contained a typographical error, and he in fact had pending cases in state court both before and after these dates.

recollection of Mr. Zambuto prior to the filing of this federal action.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Disqualify Trial Judge [DE 63] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of October, 2009.

_____
JAMES I. COHN
United States District Judge

copies to:   Francesco F. Zambuto
via email to frank.pesco@yahoo.it

Stefanie Moon, AUSA