UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61561-CIV-COHN

FRANCESCO FRANCO ZAMBUTO,
DOMENICO F. ZAMBUTO and
ANGELINA ZAMBUTO

    Plaintiffs,

vs.

THE COUNTY OF BROWARD, BROWARD
COUNTY SHERIFF'S OFFICE, et al,

    Defendants.
_____/

## SECOND OMNIBUS ORDER ON POST-DISMISSAL MOTIONS

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Supplement Record [DE 74] (which contains requests for reconsideration), Plaintiff's Reply in Opposition [DE 79], Plaintiff's Emergency Notice of Non Compliance and Request for Order to Show Cause [DE 81/82], Plaintiff's Motion for Clarification, to Supplement Objections, for Other Relief and for Order to Update Record on Appeal [DE 86], Plaintiff's Motion to Reopen, to Vacate and Set Aside, or to Recall and Amend Judgment [DE 88/89], Plaintiff's Motion for Leave to Supplement Notice of Appeal, and for Judgment on the Pending Pleadings [DE 91]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff Francesco F. Zambuto's ("Plaintiff") latest post-dismissal motions again seek reconsideration of the Court's dismissal of all claims and of the Court's denial of the motion to disqualify the undersigned. Although many of these issues have been previously addressed by this Court, the Court will again attempt to address the

Plaintiff's arguments regarding his civil rights claims and various procedural matters. See Orders at Docket Entries 76, 64, and 61.[1]

### I. DISMISSAL OF CIVIL RIGHTS CLAIMS

Plaintiff seeks reconsideration of the Court's order dismissing the state, local and individual defendants, as well as the Section 1985 conspiracy claims. The Court previously addressed Plaintiff's reconsideration of that dismissal at docket entry 61. Nonetheless, the Court again has reviewed those claims.

With regard to the civil rights claims, the Court respectfully disagrees with Plaintiff. Much of the detail of those prior cases are not relevant because of the four year statute of limitations for Section 1983 and Section 1985 claims against state or local officials and for a <u>Bivens</u> action against federal officials. Thus, all of the claims regarding his treatment up through September 30, 2004 are time-barred. Plaintiff's removal from this country did not cause any statute of limitations to be tolled. The filing of this lawsuit does not resurrect those claims.[2]

Plaintiff argues that his mistreatment at the hands of Italian authorities and his

---

[1] The motions to reconsider the Court's denial of the motion to recuse are also denied for the reasons previously stated.

[2] Plaintiff argues in DE 88 that since this Court granted him free access to PACER, he was able to determine that several of his many cases from pre-2000 were dismissed without prejudice, and therefore he should be allowed to continue to litigate those cases. Even if Plaintiff is correct regarding the disposition of the prior cases, this Court concludes that Plaintiff has failed to meet his burden to show that those cases should not be dismissed for lack of prosecution after the passage of seven years (or more).

mother's suffering in the United States after his removal are the consequences of earlier tort actions against him which gives rise to new claims.  However, this alleged mistreatment outside the United States by foreign officials was not proximately caused by actions attributable to United States officials.  No new claims arose under Section 1983 or Bivens for actions taken by local, state or federal officials prior to September 30, 2004.

Plaintiff also argues that his claims against his former immigration appellate counsel, Elizabith Ann DeConti, were improperly dismissed.  Ms. DeConti was not named in the initial complaint, is not a government employee, and it is not clear what cause of action was brought against her in this action.  In one filing, though not in the form of a pleading, Plaintiff appears to raise conspiracy claims alleging that Ms. DeConti "continues to wrongfully act in wrongful concern with federal, state, and local Defendants to deprive Plaintiff of his protected rights, subject him to malicious prosecution, and cause him physical and mental injuries, and to deprive him of his right to legally redress."  DE 79 at p.13.  Although Plaintiff states that it "is clear" that his claims against Ms. DeConti are not time barred, he has provided no dates regarding her actions in any properly filed amended pleading.

Therefore, pursuant to its duty under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether a claim has been stated, regardless of whether the Defendants responded to the Complaint or not, the Court concludes upon reconsideration that all of Plaintiff's civil rights claims should remain dismissed for failure to state a claim due to the

passage of the statute of limitations.[3]

## II.  PROCEDURAL MATTERS

Plaintiff seeks clarification of this Court's ruling regarding the extent of the record on appeal.  The Court stands by its prior ruling directing:

> the Clerk to prepare the record for appeal given Plaintiff's deported status in Italy, and to include the complaint and any amended complaint in Case No. 01-2446-Civ-King, and any Reports of the Magistrate Judge and Orders of the Court in that case, to the record on appeal in this case. However, the Court denies the motion as to the inclusion of any Florida Bar proceedings as they are not within the record of this Court and were not part of the record nor considered by this Court at the time the instant case was dismissed.

Plaintiff also seeks to supplement his Notice of Appeal to include district court rulings occurring after his Notice of Appeal was filed.  To the extent this Court has the authority to grant such relief, it will do so, however, it is ultimately up to the Court of Appeals to decide upon compliance with their rules.

Plaintiff also seeks appointment of counsel on appeal.  This Court denies that request, as the facts and issues are relatively simple in this case.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

## III.  ORDER TO SHOW CAUSE RE VISITATION OF MOTHER

Plaintiff seeks an order to show cause directed to the United States because

---

[3] Contrary to Plaintiff's arguments made at pp. 2-5 of DE 86, the Court did not rule against Plaintiff under a summary judgment standard.  Regardless of what the Defendants may have submitted, the ruling was made under a Rule 12(b)(6) standard pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

they failed to comply with this Court's order to consider Plaintiff's emergency request to see his dying mother and failed to grant him relief.  When the Court dismissed the claims in this action, it also took the step of directing "the Assistant United States Attorney handling this case to forward this Order and the Court's June 2, 2009 Order to the appropriate government officials in the Department of State and Department of Homeland Security with the authority to grant a temporary visa and/or permission to enter this country with appropriate restrictions to allow Mr. Zambuto to visit his ailing mother in Georgia."  See September 30, 2009 Order [DE 61].  This Court felt that although it did not have the authority to order the United States to grant Plaintiff any relief regarding visa issues, it could at least direct the attorney handling this case to forward information to the appropriate officials.  In compliance with this Order, counsel for the United States stated that she did so on October 5, 2009 [DE 62].  There is no further relief that this Court can grant on this matter.  The request for an order to show cause is therefore denied.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Supplement Record [DE 74] (which contains requests for reconsideration) is hereby **DENIED** as to all requests for reconsideration and for appointment of counsel;

2. Plaintiff's Motion for Clarification, to Supplement Objections, for Other Relief and for Order to Update Record on Appeal [DE 86] and Plaintiff's Motion for Leave to Supplement Notice of Appeal [DE 91] is hereby **GRANTED in part**, in that

      Plaintiff may supplement his Notice of Appeal to include district court rulings occurring after his Notice of Appeal was filed, however, it is ultimately up to the Court of Appeals to decide upon compliance with their rules;

3. All other requests contained within Plaintiff's Motion for Clarification, to Supplement Objections, for Other Relief and for Order to Update Record on Appeal [DE 86] and Plaintiff's Motion for Leave to Supplement Notice of Appeal [DE 91] are **DENIED**;

4. Plaintiff's Emergency Notice of Non Compliance and Request for Order to Show Cause [DE 81/82], Plaintiff's Motion to Reopen, to Vacate and Set Aside, or to Recall and Amend Judgment [DE 88/89] and Plaintiff's Motion for Judgment on the Pending Pleadings [DE 91 are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of May, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:   Francesco F. Zambuto
via email to frank.pesco@yahoo.it

Marilynn Lindsey, AUSA

6