UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-61561-CIV-COHN

FRANCESCO FRANCO ZAMBUTO,
DOMENICO F. ZAMBUTO and
ANGELINA ZAMBUTO,

    Plaintiffs,

vs.

THE COUNTY OF BROWARD, BROWARD
COUNTY SHERIFF'S OFFICE, et al,

    Defendants.
_____/

### ORDER CLARIFYING SCOPE OF RECORDS ACCESS
### ORDER DENYING REQUESTS FOR ACCESS TO ARCHIVED FILES

**THIS CAUSE** is before the Court upon Plaintiff's Requests for Access to Archived Files [DE 97/98] and his telephone calls to the Clerk's office and chambers regarding the scope of the Clerk's office responsibility to send to Mr. Zambuto and the Court of Appeals copies of the record excerpts.  The Court has carefully considered the filings and is otherwise fully advised in the premises.

Plaintiff Francesco F. Zambuto's ("Plaintiff") seeks a free copy of the original record in every case that he has filed in this Court.  He asserts that because this Court previously granted him *in forma pauperis* status and dismissed all of his prior cases for failure to prosecute, that he is now entitled to copies of all filings in all of his cases.[1]  This Court concludes that this request is overbroad and not necessary for Mr. Zambuto

---

[1] Francesco Zambuto filed the following eleven cases in this Court: 88-cv-06320; 88-cv-06344 (mandate of U.S. Court of Appeals entered June 9, 1995); 88-cv-06369; 91-cv-6623 (motion to dismiss granted); 90-cv-00973; 90-cv-06260 (case transferred to Middle District of Florida); 99-cv-02437 (case transferred to Middle District of Florida); 99-cv-07173; 00-cv-01513; 01-cv-04720; 01-cv-02446.

to pursue his appeal of the decision in this case. The full request would entail unnecessary expense in staff time, copying costs and postage costs.

This Court dismissed the civil rights claims filed in this case in part because of the passage of the statute of limitations. Upon reconsideration, this Court stated that:

> Much of the detail of those prior cases are not relevant because of the four year statute of limitations for Section 1983 and Section 1985 claims against state or local officials and for a <u>Bivens</u> action against federal officials. Thus, all of the claims regarding his treatment up through September 30, 2004 are time-barred. Plaintiff's removal from this country did not cause any statute of limitations to be tolled. The filing of this lawsuit does not resurrect those claims.

Amended Second Omnibus Order on Post-Dismissal Motions [DE 94] at p. 2. In addition, the Court noted in a footnote to the above quoted paragraph that:

> Plaintiff argues in DE 88 that since this Court granted him free access to PACER, he was able to determine that several of his many cases from pre-2000 were dismissed without prejudice, and therefore he should be allowed to continue to litigate those cases. Even if Plaintiff is correct regarding the disposition of the prior cases, this Court concludes that Plaintiff has failed to meet his burden to show that those cases should not be dismissed for lack of prosecution after the passage of seven years (or more).

This Court clarifies that Plaintiff is not entitled to free copies of every case he previously filed. Absent an order from the Court of Appeals, this Court finds that those records are not necessary for Plaintiff to appeal the decision in this case. This Court has twice previously directed that:

> the Clerk [shall] prepare the record for appeal given Plaintiff's deported status in Italy, and to include the complaint and any amended complaint in Case No. 01-2446-Civ-King, and any Reports of the Magistrate Judge and Orders of the Court in that case, to the record on appeal in this case.

Thus, the Clerk need not provide copies from any other cases, including the archived files.

2

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Requests for Access to Archived Files [DE 97/98] are hereby **DENIED**. The Clerk's office responsibilities are limited to those described in this Order and any requests or orders from the Court of Appeals.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of August, 2010.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:   Francesco F. Zambuto
via email to frank.pesco@yahoo.it

Marilynn Lindsey, AUSA